834 P.2d 1266

**In the Matter of a Member of the State Bar of Arizona, Michael H. GOTTESMAN, Respondent.**

**No. SB–92–0048–D.
Comm. No. 92–0068.**

Supreme Court of Arizona.

Aug. 20, 1992.

Nancy A. Greenlee, State Bar Counsel, Harriet L. Turney, Chief Bar Counsel, for State Bar of Arizona.

## JUDGMENT AND ORDER

This matter having come on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, it having duly rendered its decision and no timely appeal having been filed before the Court,

IT IS ORDERED, ADJUDGED AND DECREED that MICHAEL H. GOTTESMAN, a member of the State Bar of Arizona, is hereby censured for conduct in violation of his duties and obligations as a lawyer, as disclosed in the commission report attached hereto as Exhibit A.

IT IS FURTHER ORDERED that pursuant to Rule 52(a)(8), Rules of the Supreme Court of Arizona, the State Bar of Arizona is granted judgment against MICHAEL H. GOTTESMAN for costs incurred by the State Bar of Arizona in the amount of $211.60, together with interest at the legal rate from the date of this judgment.

EXHIBIT A

BEFORE THE DISCIPLINARY COMMISSION

OF THE

SUPREME COURT OF ARIZONA

Comm. No. 92–0068

In the Matter of

MICHAEL H. GOTTESMAN,

a Member of the State

Bar of Arizona, Respondent.

DISCIPLINARY COMMISSION REPORT

Filed May 28, 1992

This matter came on regularly for hearing before the Disciplinary Commission on April 11, 1992. The record on appeal having been considered and a decision duly rendered, the Commission reports as follows:

### Decision

By unanimous vote of the eight Commissioners considering the matter,[1] the Commission recommends the identical discipline of a censure as a result of discipline imposed by the Supreme Court of New Jersey on December 10, 1991.

### Discussion of Decision

Respondent is a New Jersey lawyer practicing primarily in that state. He is also a member of the Arizona Bar.

The facts relating to Respondent's discipline concern his arrangement with an investigator by the name of Anthony Infante. Mr. Infante would obtain clients and do investigative work with regard to personal injury cases and receive 50% of the fees resulting from the clients that he procured.

Respondent left his prior employer and began his own law firm, using Mr. Infante as an investigator in 1975. Although the original agreement was a 50-50 split, they ended up splitting fees ⅓–⅓–⅓, one-third going to Mr. Infante, one-third to Respondent, and one-third to "overhead." The

1. Commissioner Hoffman did not participate in these proceedings.

relationship was terminated in 1980 and Infante made claims for fees he claimed due him. When those fees were not forthcoming, he eventually filed a complaint with the New Jersey Bar in January 1984. The disciplinary proceedings were stayed while civil lawsuits were pending. The matter did not appear for hearing before the District IX Ethics Committee until March 27, 1990.

Respondent was disciplined by the Supreme Court of New Jersey on December 10, 1991, for violating DR 3–101 (aiding the unauthorized practice of law) and DR 3–102 (dividing legal fees with a nonlawyer). The Supreme Court of New Jersey imposed the sanction of a public reprimand. That sanction would be the equivalent of a censure under Arizona's rules.

This matter is directly before the Commission pursuant to Rule 58 dealing with reciprocal discipline. Rule 58(c) provides in part:

> The Commission shall impose or recommend the identical discipline, unless Bar counsel or Respondent demonstrates or the Commission finds that upon the face of the record from which the discipline is predicated it clearly appears that:
>
> 1. The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
> 2. There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Commission could not, consistent with its duty, accept as final the other jurisdiction's conclusion on that subject; or
> 3. The imposition of the same discipline would result in grave injustice; or
> 4. The misconduct established warrants substantially different discipline in this state.

The Commission reviewed the record on appeal from the Supreme Court of New Jersey, District IX Ethics Committee, along with the decision and recommendation of the Disciplinary Review Board and Respondent's statement to the Commission.

Respondent had an opportunity to be heard and in fact participated in a hearing in New Jersey. It does not appear that there was an absence of proof of Respondent's misconduct. Since Respondent's conduct would constitute a violation of Arizona Supreme Court Rule 42, ER 5.4(a) and ER 5.5, imposition of a public censure would not result in a grave injustice or warrant substantially different discipline.

Respondent argued that he did not have a partnership arrangement, that he was not sharing fees, and that he was not assisting Mr. Infante in the unauthorized practice of law.

Respondent's requests for mitigation were similarly heard by the New Jersey Disciplinary Review Board and were considered in their decision.

The Commission cannot clearly find that any of the elements required under Rule 58(c) to modify the discipline imposed by the Supreme Court of New Jersey exist, and, therefore, recommends the identical discipline, censure.